Fremont-Smith, J.
This is an appeal from a verdict of the District Court on plaintiffs summary process action to recover possession of an apartment which was leased to defendant, and on defendant’s counterclaim in that action. In addition to a finding for the plaintiff on the question of possession, the District Court awarded the defendant $4,050 plus attorney fees of $1,331.25 on his counterclaim. Plaintiff appealed for a trial de novo. Based upon all of the credible evidence at the jury-waived trial on April 21, 1994, the Court makes the following findings, rulings and judgment.
FINDINGS AND RULINGS
The plaintiff and defendant entered into an oral lease of an apartment in Watertown in July 1992. It was agreed that the rent would be $450 per month. The defendant was to pay his own electricity, which included a “back-up” electric baseboard heating system, but the plaintiff was to provide the basic heat for the building, and hot water, by means of the building’s oil furnace and hot water heater, at no additional expense to the defendant.
When the weather turned cold in October, defendant complained to the plaintiff, who advised him that the furnace was broken but would soon be repaired. It was repaired shortly, but the apartment remained uncomfortably cold. Upon further complaint, plaintiff told him he should use his electric heat, which he said would not cost very much. To stay warm, defendant was forced to run both his gas stove (for an additional cost of $40.00) and the “back-up” electric heat, for which he received a bill, on May 30, 1992, for $662.00.
In the meantime, on May 7, 1993, defendant complained to the Watertown Health Department, which inspected the unit and found it to be in violation of the Health Code. The inspection of the Watertown Health Department indicated a number of violations of the State Sanitary Code, including a window in the bathroom which caused the bathroom to be cold all winter, *145 even when Sawyer used his baseboard heat. Defendant then notified plaintiff that he was withholding further rent until the heat and other deficiencies were remedied, which he continued to do for three months and one week (i.e. $1,462 withheld rent) prior to the time when he vacated the apartment in August.
In his counterclaim, Sawyer asserts a claim under G.L.c. 186, §14, which provides that a tenant is entitled to recover actual damages or three months rent, whichever is greater, costs and a reasonable attorneys fee, if a tenant proves that his landlord willfully failed to furnish heat when he was obligated to do so. Such a failure to supply heat does not require a complete lack of heat, as the State Sanitary Code requires heat of 68 degrees between 7:00 a.m. and 11:00 p.m. and 64 degrees for 11:01 p.m. and 6:59 a.m. from September 16, 1993 through June 14. 105 CMR 410.201.
In the present case, I credit defendant’s testimony that he was led to believe that the apartment would be substantially heated at owner’s expense, and that the plaintiff failed to provide such heat, thereby violating c. 186, §14 and the warranty of habitability which is implied by law in every apartment leased for residential purposes. Boston Housing Authority v. Hemingway, 363 Mass. 184 (1973). At a minimum, the warranty of habitability imposes on a landlord a duty of keeping a dwelling in conformity with the State Sanitary Code. Simon v. Soloman, 385 Mass. 91 (1982).
Sawyer contends that the Notice to Quit and the Summary Process action were in retaliation for his reporting suspected violations of the Sanitary Code, Building Code and Zoning Law to Watertown officials. The apartment was inspected on May 7, 1993 by the Watertown Board of Health, and the inspector found several violations of the State Sanitary Code and stated that “one or more of the . . . violations constitutes a condition which may endanger or naturally impair the health or safety, and well-being of the occupant.” Later on May 7, 1993, when Demos called Sawyer to inquire about the May rent payment, and Sawyer told Demos that the apartment had been inspected and that he was withholding his rent pending repair of the violations, Demos immediately served Sawyer with a Notice to Quit. It was not established, however, that the eviction was caused by defendant’s complaints to the authorities, or by his announced intention to withhold payment of rent. Accordingly, the Court finds that a retaliatory eviction in violation of G.L.c. 186 §18 has not been proven.
Finally, Sawyer contends that he was leased an apartment which was not zoned for residential use, and that this, together with plaintiffs misrepresentations regarding the heat, constituted violations of G.L.c. 93A which resulted in his incurring additional utility bills and his moving expense. Sawyer testified, however, that in view of the lack of heat and other deficiencies in the apartment, he decided to move, and that his decision was not the result of the lack of proper zoning or of any misrepresentations by the owner. Moreover, the lease was a tenancy-at-will, so that defendant could have been legally required to move out on thirty days notice in any event. Accordingly, I do not find that any unfair or deceptive practices by the plaintiff were the proximate cause of any injury to the defendant.
What, then, mere defendant’s damages? G.L.c. 186, §14 provides for actual or consequential damages or three months rent, whichever is greater, plus costs and a reasonable attorneys fee. As for consequential damages, the measure of damages for breach of warranty of habitability is the difference between the value of the dwelling as warranted with the agreed upon rent as evidence of such value and the value of the premises in the defective condition. DarMetko v. Boston Housing Authority, 378 Mass. 758 (1970). Defendant testified that fair value of the apartment was reduced by about $150.00 per month for each of the eight months of cold weather, and by $50 a month for the other four months, for a total diminution of $1,400.00. But he withheld $1,462.00 of rent, so that the two are virtually a wash.
In addition to the diminished value of the apartment, he was forced to expend an additional $700 (approximately) in electric and gas bills, and these consequential damages are less than three months rent ($1,350).
Accordingly, I award damages to Sawyer in the sum of $7,775 ($1,350 plus $6,425 attorney fees for defendant’s counsel’s representation of defendant in the District Court and in the trial de novo in the Superior Court).